28

Lake County Bar Association *v.* Johnson.

[Cite as Lake County Bar Assn. v. Johnson (1971), 26 Ohio St. 2d 28.]

(D. D. No. 71-1—Decided March 31, 1971.)

*Mr. David P. Freed, Mr. Barry M. Byron, Mr. James W. Jackson, Mr. Henry D. Rand, Jr.,* and *Mr. Louis A. Turi, Jr.,* for relator.

*Mr. Robert E. Schnittger* and *Mr. Edward H. Stinson,* for respondent.

*Per Curiam.* Respondent does not dispute the board's factual findings. He claims that under Rule XVIII, before an attorney at law may be disciplined for misconduct of violation of professional ethics, there must be evidence to support "willfulness" on the respondent's part to violate his oath as an attorney.

"Willfulness" is an intentional determination to perform or fail to perform a duty. "Willfulness" is a mental process which can only be determined by a person's conduct in a given set of circumstances. A reading of the transcript of testimony, and the board's findings of fact indicate that respondent was engaged in a continuous course of conduct, which showed respondent's utter lack of devotion to his clients; that he failed to exert zeal in the maintenance and defense of his clients' rights; and that he did not exert his ability, to the end that nothing be taken or withheld from his clients. (Canon 15.) Respondent failed in his duty not only to his clients but also to the courts and to the public in failing to carry out commitments to his clients, for which he had been employed, and by virtue of his professional employment he was required to perform in the disposition of causes confided to him. (Canon 21.)

Respondent asserts that by reason of his present conduct this court should consider the small likelihood of repetition and that the recommended discipline is too severe.

This court, in several cases on professional discipline, has considered the subject of small likelihood of repetition of misconduct. See *Cincinnati Bar Assn.* v. *Bednarczuk* (1970), 22 Ohio St. 2d 99. However, the entire record in this proceeding convinces us that, as to the proved acts of willful misconduct, respondent failed to uphold the honor and to maintain the dignity of the profession. We therefore adopt the recommendation of the board.

Respondent's objections to the recommendations of the Board of Commissioners on Grievances and Discipline are overruled and respondent is suspended from the practice of law for an indefinite period.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.